**In re Petition for DISCIPLINARY ACTION AGAINST Michael R. CLASEN, an Attorney at Law of the State of Minnesota.**

**No. C6–89–340.**

Supreme Court of Minnesota.

July 19, 1989.

## ORDER

The Director of the Office of Lawyers Professional Responsibility initially filed a petition for public discipline against the respondent Michael R. Clasen, an attorney admitted to practice since October 24, 1980. The petition alleges that during material times respondent maintained a law office at 1602 Selby, St. Paul, Minnesota. Respondent was likewise the sole owner of Quality Realtors, Inc. which has a real estate brokers license. Subsequently, the Director filed an amended petition and, even later, a supplementary petition alleging additional cases of misconduct. Both the original petition and the supplementary petition contained detailed allegations indicating that commencing in 1984 respondent has engaged in a series of deceptive financial transactions involving unsophisticated and unsuspecting investors, primarily Hmong immigrants, with little financial experience and often limited capacity of communication in the English language. Respondent repeatedly offered high interest rates to induce the Hmong and others to lend him large sums of money. In return, respondent purported to give them what he represented to be "second mortgage" notes. The notes were either accompanied by mortgages of questionable or of no value, or were not accompanied by any mortgages, and therefore remained essentially unsecured. As many as 20 different individual or couple victims were involved.

All of the "second mortgage notes" contained language referring to the "mortgage issued consecutively." In many instances, no mortgage was issued, resulting in unsecured loans. In other instances, where mortgages were issued, the property was either already encumbered and thus not available as security, or the respondent later sold the property to other individuals without notification of the supposed "second mortgages" of the investor victims. Respondent has defaulted on all of these loans with the exception of approximately $4,000. So far as can be ascertained, respondent obtained in excess of $97,000 from the victims.

In other transactions, respondent entered into agreements to invest in rental property for investors. In one instance, a victim couple was told they would have no liability because the property would be conveyed to the respondent; however, the notice of change of ownership form to the bank did not waive the investor's liability resulting ultimately in deficiency judgments against the investors when the respondent defaulted and the property was foreclosed. In a number of instances, the respondent collected rents and managed the property, but failed to make mortgage payments or to pay property taxes. All of the property involved has been foreclosed on or foreclosure is pending.

In addition to his deception and dishonest financial transactions, the respondent has failed to file either state or federal income

tax returns in the years 1986 through 1988 and has failed to cooperate with, or respond to requests for information from, the Lawyers Professional Responsibility Board. Lack of cooperation has consisted of failure to respond to requests for information or to render only partial responses, to fail to answer interrogatories, and to fail to make required appearances.

On June 13, 1989, the respondent entered into a stipulation with the Director. In that stipulation, the respondent withdrew an answer to the petition he had previously filed and waived his right to answer the original petition as well as a supplementary petition. He further acknowledged and admitted the allegations of both the petition as amended and the supplementary petition and consented to the court proceeding to issue an order for discipline under Rule 15, Rules on Lawyers Professional Responsibility without further briefing, argument, or additional proceedings. Respondent likewise waived all of his procedural rights under Rules 14 and 15 of the Rules on Lawyers Professional Responsibility.

The Director and the respondent in the stipulation join in recommending that the appropriate discipline is disbarment pursuant to Rule 15.

The court having considered the petition as amended, the supplementary petition, and the stipulation between the respondent and the Director NOW ORDERS:

1. That respondent Michael R. Clasen is hereby disbarred from the practice of law in the State of Minnesota.

2. The respondent shall pay to the office of the Director of Lawyers Professional Responsibility the sum of $750 in costs together with $61.95 in disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.